UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ALAN GUENTHER,

        Plaintiff,

v.

                                         Case No. 10-14314
COMMISSIONER OF SOCIAL SECURITY,        Honorable Julian Abele Cook, Jr.

        Defendant.

ORDER

This case involves a complaint by the Plaintiff, Michael Alan Guenther, who, in relying upon the authority of 42 U.S.C. § 402(g), has asked this Court to review a final decision by the Defendant, the Commissioner of the Social Security Administration ("Commissioner").

Now pending before the Court are the motions for summary judgment that the parties have filed pursuant to Federal Rule of Civil Procedure 56. Magistrate Judge R. Steven Whalen, to whom the respective motions for summary judgment were referred for an evaluation, filed his report on December 27, 2011, in which he recommended that the Court (1) deny Guenther's motion for summary judgment, and (2) grant the Commissioner's dispositive motion. As of this date, no objections have been expressed by either party to Magistrate Judge Whalen's report.

For the reasons that have been set forth below, the Court adopts the report, including the recommendations, of Magistrate Judge Whalen in its entirety.

I.

1

On July 24, 2007, Guenther filed applications for disability insurance benefits and supplemental security income, alleging a disability (i.e., multiple ruptured discs in his back and limited use of his right arm and fingers) which began on November 27, 2005. As of the date of the onset of his alleged disability, he (1) was forty-six years old, (2) possessed three years of a college education, and (3) had acquired a wide variety of past relevant work experiences, in such positions as a custodian, customer service representative, sales manager, salesman, and truck driver.

When his application for benefits was denied, Guenther sought and obtained a *de novo* hearing before an administrative law judge who, in rendering a decision on January 29, 2010, determined that he was not a disabled person within the meaning of the Social Security Act prior to December 31, 2009, the date on which his insured status expired. The administrative law judge concluded that, although Guenther had suffered from several severe impairments (to wit, his history of right humerus fracture status post open reduction with internal fixation, chronic lower back pain with radiculopathy, obesity, hypertension, history of right rotator cuff injury status post repair, and history of left arthroscopic knee surgery), he did not have an impairment or a combination of impairments that met or equaled the "Listing of Impairments." It was also the conclusion of the administrative law judge that Guenther possessed the residual functional capacity ("RFC") to perform medium work, as defined in 20 C.F.R. §§ 1567(c) and 416.967(c), subject to the additional restrictions that he may only occasionally (1) reach overhead with his right (dominant) arm; (2) twist, bend, or stoop; (3) climb stairs or ladders; (4) kneel or crawl; and (5) use his right arm for gripping and manipulation. The administrative law judge opined that, although these limitations did not prevent him from performing his past relevant work as an alarm sales person, he was precluded from performing his other past relevant work as well as the installation aspect of the

alarm sales position. Although this finding was sufficient to mandate a finding of no disability, the administrative law judge also opined in the alternative, and based upon the testimony of a vocational expert, that - given these restrictions as well as such factors as age, education, and work experience - Guenther is able to perform a significant number of jobs that are available in the regional economy. Thus, the administrative law judge concluded that he was not suffering from a compensable disability as defined by the Social Security Act. This decision became the final decision of the Commissioner on July 20, 2010, when the Appeals Council denied Guenther's request for a review. This lawsuit followed.

II.

This Court has jurisdiction to review the Commissioner's final decisions to determine if (1) the findings are supported by substantial evidence and (2) the correct legal standards were applied. 42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted), and is "more than a scintilla of evidence but less than a preponderance," *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The reviewing court must affirm the Commissioner's decision if it is supported by substantial evidence, even if substantial evidence could also support a different conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). This review is limited in scope to an examination of the record only. Thus, the court "does not review the evidence *de novo*, make credibility determinations nor weigh the evidence." *Brainard*, 889 F.2d at 681.

III.

In his appeal to this Court, Guenther argues that the administrative law judge's assessment

3

of his residual functional capacity, as well as the subsequent determination that a significant number of jobs could be performed by him, were wrongly decided by her because she (1) failed to conduct a "function-by-function" analysis as mandated by SSR 96-8p, and (2) improperly discounted the credibility of his testimony. Guenther also submits that the administrative law judge's "Step 3" analysis was flawed because the evidence demonstrates that he has a severe impairment or a combination of impairments which is consistent with the listing of impairments. The Court will address each argument in turn.

Under SSR 96-8p, "[t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. 404.1545 and 416.945." Guenther states, without elaboration or specificity, that the administrative law judge failed to perform this step. Even assuming this non-specific argument is not waived (*but see* Comm'r Br. in Supp. of Mot. for Summ. J. at 11, *citing Gen. Star Nat'l Ins. Co. v. Administratia Asigurarilor de Stat*, 289 F.3d 434, 441 (6th Cir. 2002)), it is unavailing. Paragraph (b) of 20 C.F.R. § 404.1545 - which, because it relates to physical abilities, is applicable here - lists the relevant functions as "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching)." As detailed at length in the Commissioner's brief, the administrative law judge did specifically consider the relevant functions, and the evidence in the record relating thereto,  in rendering her residual functional capacity determination. Absent any indication from Guenther as to what was inadequate about this analysis, the Court must reject his argument that the analysis was legally flawed.

With respect to Guenther's second argument, a finding on credibility must be (1) based upon the entire case record, and (2) "sufficiently specific to make clear to the individual and any

subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons

for that weight." SSR 96-7p; *see also* 20 C.F.R. § 404.1529(c)(3) (listing factors to be considered

in making credibility determination); *id.* § 416.929(c)(3) (same). Moreover, "[s]ince the

[administrative law judge**]** has the opportunity to observe the demeanor of a witness, his

conclusions with respect to credibility should not be discarded lightly and should be accorded

deference." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993)

(citation and internal quotation marks omitted); *see also Jones v. Comm'r of Soc. Sec.*, 336 F.3d

469, 476 (6th Cir. 2003).

In assessing the credibility of Guenther's testimony, the administrative law judge

determined that his "medically determinable impairments could reasonably be expected to cause

the alleged symptoms; however, [his] statements concerning the intensity, persistence and limiting

effects of these symptoms are not credible to the extent they are inconsistent with the above

residual capacity assessment." (Tr. 14). As required by SSR 96-7p, and as detailed by the

magistrate judge in his report, the administrative law judge gave multiple, specific examples of the

failure of the objective medical evidence to support Guenther's claims regarding the severity of his

symptoms. Significantly, the administrative law judge noted multiple inconsistencies between his

testimony and the record evidence, and suggested that his responses were vague and evasive at

times, leaving her with the impression that he "may have been less than entirely candid." (Tr. 14).

She also noted that his reported daily activities and the scant medical evidence of record failed to

support his claims. Finally, she properly accorded little weight to the opinion of a physician who,

after performing a consultative examination, concluded that Guenther had "absolutely no

worthwhile functional ability remaining in his right upper extremity." As detailed by the magistrate

judge, the administrative law judge carefully and thoroughly explained her many reasons for

discounting this opinion. Guenther's argument on this point consists solely of a recitation of the examining physician's somewhat conclusory findings. Furthermore, he has not responded to or rebutted any of the bases upon which the administrative law judge discounted this medical opinion. For all of these reasons, the Court concludes that the administrative law judge's credibility determination was supported by substantial evidence.

Because the administrative law judge's determination regarding Guenther's residual functional capacity was not adversely affected by any legal error and was supported by substantial evidence, her subsequent incorporation of this residual functional capacity evaluation into a hypothetical question to the vocational expert was also proper. "A vocational expert's testimony concerning the availability of suitable work may constitute substantial evidence where the testimony is elicited in response to a hypothetical question that accurately sets forth the plaintiff's physical and mental impairments." *Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001) (citing *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987)). When forming a hypothetical question, the administrative law judge "is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey*, 987 F.2d at 1235; *see also* 20 C.F.R. § 404.1560(b)(2) ("[A] vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work . . . ."). Guenther argues that the administrative law judge's "Step 5" determination was erroneous because the vocational expert testified that he could not perform a significant number of available jobs. However, these portions of the vocational expert's testimony were elicited in response to hypothetical questions that incorporated limitations and restrictions that were substantially beyond those incorporated into the residual functional capacity evaluation. However,

6

when presented with the actual residual functional capacity assessment, the vocational expert quite clearly opined that Guenther could perform some of his past relevant work as well as a significant number of jobs at the sedentary, medium, and light levels of exertion. Thus, Guenther's argument on this issue is also unavailing.

Finally, Guenther argues that, inasmuch as his condition is consistent with the listing of impairments as set forth in Appendix 1, Subpart P, Part A, § 1.02, he should have been found to be a disabled person at "Step 3" of the analysis. This listing provides that an individual is disabled due to a major dysfunction of a joint if the following criteria are met:

> Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>
> > A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b;
> >
> > OR
> >
> > B. Involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

Guenther, not having made any effort to assess the relevant criteria, has instead relied entirely on the rejected medical evidence and his own testimony regarding the intensity and severity of his pain. Even if this evidence had addressed all of the relevant criteria, the administrative law judge, as discussed above and in detail in the magistrate judge's report, proffered sufficient reasons for discounting both sources of evidence. In the absence of any credible evidence that the listing of impairments has been met, the administrative law judge did not err in coming to the contrary conclusion.

IV.

For the reasons that have been outlined above, the Court adopts the report of Magistrate

Judge Whalen. Accordingly, (1) the Commissioner's motion for summary judgment is granted

(ECF 14), and (2) Guenther's motion for summary judgment is denied (ECF 11).


IT IS SO ORDERED.

Date: March 30, 2012                                   s/Julian Abele Cook, Jr.
                                                       JULIAN ABELE COOK, JR.
                                                       U.S. District Court Judge


<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 30, 2012.


                                                       s/ Kay Doaks
                                                       Case Manager